UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:11-CR-77 (VARLAN/SHIRLEY) |
| ASIA L. DORSEY, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for a sentence reduction in light of 18 U.S.C. § 3582(c) and the Fair Sentencing Act of 2010 ("FSA") [Doc. 35]. Amendment 750 to the United States Sentencing Guidelines (the "Guidelines") implemented the FSA and reduced the base offense level for most offenses involving crack cocaine. The United States filed a response in opposition, asserting that the defendant was sentenced after Amendment 750 had been incorporated into the Guidelines [Doc. 41].

**I.   Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of

imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is section 1B1.10 of the United States Sentencing Guidelines Manual (the "Guidelines"), which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

>  (a) Authority.--
> 
>  (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> 
>  (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
> 
>  . . . .

> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2011). The application notes to section 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The FSA altered the statutory penalties for offenses involving cocaine base ("crack cocaine") and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been

lowered by Amendment 750, then the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

Upon pleading guilty, the defendant was convicted of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) [Doc. 32]. In calculating the applicable Guidelines range, the probation officer found defendant responsible for 79.9 grams of crack cocaine, which resulted in a base offense level of 26 [Presentence Investigation Report ("PSR") ¶¶ 25, 26]. Given her prior felony drug convictions, the defendant was deemed to be a career offender under section 4B1.1, with a corresponding offense level of 34 [*Id.* ¶¶ 32, 39, 42]. After a three-level reduction for acceptance of responsibility, the total offense level was 31 [*Id.* ¶¶ 33, 34]. As a career offender, the defendant's criminal history category was VI, and the resulting Guidelines range was 188 to 235 months' imprisonment [*Id.* ¶¶ 44, 70]. On February 14, 2012, the Court adopted the PSR's career-offender classification for the defendant and sentenced her to a below-Guidelines term of 168 months' imprisonment [Doc. 32].

Although Amendment 750 is listed in section 1B1.10(c), the defendant was sentenced after it had been incorporated into the Guidelines, so she has already received the full benefit to which she was entitled under that amendment. Indeed, Amendment 750 and the FSA had no effect whatsoever upon the defendant's career-offender classification, which established her Guidelines range. A sentencing court must proceed sequentially through the Guidelines

4

in calculating the applicable range, U.S. Sentencing Guidelines Manual § 1B1.1, and "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [as a career offender] shall apply,"U.S. Sentencing Guidelines Manual § 4B1.1(b). The defendant was deemed to be a career offender, and 18 U.S.C. § 3582(c) precludes this Court from reconsidering that determination. Were the defendant sentenced today, she would still have a total offense level of 31 and a criminal history category of VI, for a Guidelines range of 188 to 235 months' imprisonment, which is identical to the Guidelines range used at her original sentencing proceeding.

To the extent the defendant suggests that her post-sentence rehabilitative efforts provide an independent basis for a sentence reduction, the Court disagrees. The Supreme Court has held that district courts have discretion to consider post-sentence rehabilitation in fashioning a new sentence where the original sentence was set aside on appeal. *United States v. Pepper*, 131 S. Ct. 1229, 1241 (2011). Alleged rehabilitative efforts on their own, however, do not authorize this Court to revisit the propriety of a defendant's sentence. If the defendant had been eligible for a reduction under § 3582(c), the Court could have considered her post-sentence conduct in determining the extent of that reduction, U.S. Sentencing Guidelines Manual § 1B1.10, comment. n.1(B)(iii), but the defendant is not eligible for any reduction, so evidence about her conduct while incarcerated is irrelevant.

## III. Conclusion

For the reasons given above, the defendant's *pro se* motion for a sentence reduction [Doc. 35] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
